UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID W. WAGSTAFF,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　CASE NO. 8:11-cv-2849-T-30MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is an action for review of the administrative denial of disability insurance benefits, period of disability, and supplemental security income (SSI).[1] *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). The Plaintiff contends the Administrative Law Judge (ALJ) erred by failing to properly evaluate opinions of treating physicians and non-examining physician, and by failing to properly evaluate Plaintiff's complaints of pain and other symptoms. After considering the record and the briefs, I recommend the decision be affirmed for the reasons set forth herein.[2]

    *A. Background*

---

[1] The district judge referred the matter to me for a report and recommendation. Local Rule 6.01(c)(21).

[2] The standard of review here is limited to determining if the Commissioner's findings are supported by substantial evidence and whether the Commissioner's ultimate conclusions are legally correct. 42 U.S.C. § 405(g) and §1383(c)(3); *Richardson v. Perales*, 402 U.S. 389 (1971). "Substantial evidence" consists of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Notably, a reviewing court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against his decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

Plaintiff, who was forty-four years old as of the date of the ALJ's decision, has an eleventh grade education and past relevant work as a lawn worker, a part-time commercial fisherman, a material handler, and a bar back/ bouncer (R. 53-55, 57-59). Plaintiff has filed multiple applications for disability benefits besides this one, and the ALJ found that the doctrine of *res judicata* applies allowing him to dismiss a request for a hearing when the agency has previously issued a determination. The ALJ determined that there was no basis for reopening the prior Title II or Title XVI decisions. The administration denied Plaintiff's most recent application (dated July 20, 2006) on May 15, 2009, and the Appeals Council affirmed the decision on January 6, 2010. Hence, applying *res judicata,* the issue before the ALJ was whether the Plaintiff is disabled beginning May 16, 2009. In a decision dated May 19, 2011, the ALJ opined that Plaintiff has not been under a disability from May 16, 2009, through the date of his decision. After consulting a vocational expert, the ALJ concluded that the Plaintiff is capable of performing a full range of light work with additional limitations (R. 28). The Appeals Council denied Plaintiff's request for review (R. 1-3). The Plaintiff filed a complaint before this Court, and at this juncture, the Plaintiff has exhausted his administrative remedies and the case is now ripe for review.

B. Discussion

1. medical opinions

In the main, Plaintiff asserts the ALJ erred in evaluating his treating doctors' medical opinions. First, Plaintiff states the ALJ should have given substantial weight to treating physician Hughes's opinion that he was not capable of employment. However, the only opinion Dr. Hughes renders is that Plaintiff is not capable of employment, and that statement is not a medical opinion entitled to deference. *See* SSR 96-5p (a treating source's opinion regarding disability "can never

2

be entitled to controlling weight or given any special significance"). Hence, because the only opinion Dr. Hughes expressed concerned a legal determination on the ultimate issue of disability, it is not necessary to address Plaintiff's arguments concerning why the ALJ should have assigned greater weight to Dr. Hughes' opinion.[3]

Second, Plaintiff argues that the ALJ erred by assigning "some weight" to the state DDS physician Renny, who opined that Plaintiff is capable of lifting and carrying twenty pounds occasionally, and ten pounds frequently; sitting, standing, and/or walking six hours in an eight-hour work day. Plaintiff states the ALJ should not have given any weight to Dr. Renny because he reviewed only one-time examiner Dr Beaman's report, and did not have access to other medical evidence. However, I find that the ALJ provided sufficient reasons for the weight she assigned to Dr. Renny. The ALJ acknowledged that Dr. Renny is employed by the state DDS and was a non-examining physician entitled to less weight than a treating physician (R. 24), and noted that Dr. Renny did not have the opportunity to review additional findings now in the record. Ultimately, the ALJ imposed more stringent limitations than Dr. Renny recommended due to the fact that Dr. Renny had not had the opportunity to review the additional findings after his review. Specifically, the ALJ found Plaintiff limited to standing and/or walking two hours in an eight-hour day (R. 24). I find the

---

[3] Plaintiff argues that remand is necessary because the ALJ opinion contained a misstatement concerning the relief provided by trigger point injections and medication. In considering Dr. Hughes medical evidence, the ALJ stated incorrectly that the Plaintiff testified that trigger shots and medication have produced some relief (R. 24). However, I find the ALJ's misstatement amounts to harmless error given that the only opinion Dr. Hughes rendered was one reserved for the Commissioner. *See Diorio v. Heckler,* 721 F.2d 726, 728 (11th Cir. 1983) (finding ALJ error is harmless when it does not impact the determination of disability). When considering Plaintiff's credibility later in her decision, the ALJ stated that the Plaintiff received injections in his neck and back but stated they did not provide relief from pain, and that his medication did not work (R. 25). And, as discussed below, the ALJ provided ample support for her credibility determination.

ALJ did not err in evaluating Dr. Renny's assessment, and provided sufficient support for her decision.

Third, Plaintiff contends the ALJ "improperly ignored" Dr. Davis's opinion that his low back impairment was severe enough to warrant surgery. In fact, the ALJ discussed Dr. Davis's consultation and his surgical treatment option (R. 22). The ALJ also discussed that Dr. Davis's examination showed claimant could heel walk and toe walk, tenderness in lower spine area and muscle spasms, flex 30 degrees in lumbar spine and extend 20 degrees from standing position, straight leg raises positive for back pain in both legs but negative for leg pain, and neurological examination normal in lower extremities but lumbar range of motion restricted in flexion secondary to pain. The ALJ noted that imaging established L5-S1 degenerative disc disease with herniated disc. My review of the medical evidence from Dr. Davis reveals that on February 17, 2010, Dr. Davis, an orthopedist, saw Plaintiff for evaluation of low back pain and radiating left leg pain (R. 265). Dr. Davis's note indicates that Plaintiff suffered from low back most of his adult life, and that it is gradually getting worse. Plaintiff indicated to Dr. Davis that his neck pain bothers him more than his lower back. Dr. Davis "advised the patient that if he felt that his lower back pain was severe enough to justify surgical treatment that is could probably be improved by a posterior interbody fusion operation. He says that he would prefer to have his neck evaluated first and see what his options are there before considering what to do with his lower back that does not bother him quite as much at this point" (R. 265). Given this medical evidence, and the fact that the Plaintiff did not follow through with the lower back surgery, I find the ALJ did not err in evaluating the medical evidence and opinions from Dr. Davis.

*2. Plaintiff's pain*

Plaintiff claims the ALJ erred in not properly considering his pain and other symptoms. The regulations dictate the ALJ, when evaluating pain testimony, examine the objective and subjective evidence. *See* 20 C.F.R. § 416.929. "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. *Id.* "Other evidence," includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *Id.* The Eleventh Circuit pain standard incorporates this scheme by requiring: (1) evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). Indeed, in certain instances, pain alone can be disabling even if unsupported by objective evidence. *Foote,* 67 F.3d at 1561.

Although Plaintiff asserts the ALJ erred in applying the Eleventh Circuit pain standard, I find no error. The ALJ first determined Plaintiff's impairments, and whether they could reasonably be expected to produce the Plaintiff's pain and other symptoms (R. 25). The ALJ stated that Plaintiff's testimony, when considered in light of the record as a whole, was not convincing that pain and other subjective symptoms were of such frequency, intensity, or duration as to preclude all work activity. In support, the ALJ noted that even though Plaintiff testified he experienced headaches twice a week lasting half a day, the ALJ's review of the medical evidence did not support such frequency (R. 25). She also noted that some of the Plaintiff's daily activities, including gardening, watching television, and using a computer to check emails, are "not indicative of an individual who is unable to work"

(R. 26), and that his pain does not affect his concentration to the extent that he is able to watch involved shows such as History and Discovery Channels (R. 26).  The ALJ also considered non-medical source statements, including one from Anne Ross who employed Plaintiff for two years (R. 26).  I find the ALJ properly considered Plaintiff's subjective complaints and provided explicit and adequate reasons" for her decision.  *See Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir. 1991).

   *C. Conclusion*

   For all the above reasons and those cited by the Commissioner in support of his decision (doc. 14), it is hereby recommended that the Plaintiff's complaint be dismissed, the Commissioner's decision affirmed, and the Clerk directed to enter judgment for the Commissioner.

   IT IS SO REPORTED at Tampa, Florida on February 22, 2013.

   _____
   MARK A. PIZZO
   UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).


cc:   Hon. James S. Moody, Jr.
      Counsel of Record